

# THE ATTORNEY GENERAL
# OF TEXAS

AUSTIN 11, TEXAS

*Superseded by*
*H-107*

WILL WILSON
ATTORNEY GENERAL

October 24, 1957

Honorable Jo Ed Winfree
Chairman, Committee on
 Criminal Jurisprudence
House of Representatives
Capitol Station
Austin, Texas

Opinion No. WW-288

Re: Constitutionality of a
provision to be added to
House Bill 5 recently
submitted to the first
called session of the 55th
Legislature. Whether
witnesses who appeared
before the Commission set
up by the provisions of
said Bill at the invita-
tion of the Commission
would be entitled to reim-
bursement for actual
travel expenses and costs.

Dear Colonel Winfree:

Your request for an opinion on the proposed amend-
ment to House Bill 5 of the First Called Session of the 55th
Legislature reads as follows:

"As Chairman of the House of Representatives
Committee on Criminal Jurisprudence, I wish to
request an opinion on the following proposition:

"House Bill No. 5, Section No. 7, as sub-
mitted in the First Called Session of the 55th
Texas Legislature reads as follows:

"'Section 7: Any hearings conducted by
the Commission shall be public. The Commission
shall have the power of subpoena, subpoena duces
tecum, and all other process to the extent of the
jurisdiction of this State, and may provide by
rule or order for the issuance of such process.
Officers of the Department of Public Safety, or
any Sheriff or Constable of any County in Texas
may serve as such process and make return.

Such costs and the travel and per diem expenses of witnesses, at the same rate payable for appearance before a Committee of the Legislature, shall be paid by the State out of the appropriations made to the Commission.'

"The author of this bill states that the purpose of this section is to provide reimbursement of witnesses appearing before the Commission.

"The Sub-committee has suggested that language such as the following be substituted for the subpoena provision.

"'Any witness invited to appear before the Commission by written request from the Chairman be reimbursed for his actual travel expenses and costs. Such costs and the travel and per diem expenses of witnesses, at the same rate payable for appearance before a Committee of the Legislature, shall be paid by the State out of the appropriations made to the Commission.'

"Please advise whether or not the suggested changes are constitutional, and whether under such a provision any witness would be entitled to reimbursement for actual travel expenses and costs."

Under the provisions of Section 7 of the House Bill No. 5, the Commission is authorized to subpoena individuals to appear before it and to pay their travel and per diem expenses of such witnesses. Under the amendment suggested by the Sub-committee, no witness would be compelled to appear before the Commission. Under such circumstances, any witness appearing before the Commission would be appearing without legal obligation.

Section 51 of Article III of the Constitution of Texas prohibits the granting of public moneys to any individual. In view of the provisions of Section 51 of Article III, payment of traveling expenses of any witness appearing before the Commission when such witness is not under any legal obligation to make such appearance, would constitute a gratuity in violation of Section 51 of Article III, Constitution of Texas.

Therefore, you are advised that the suggested changes in Section 7 of House Bill No. 5 would be unconstitutional and invalid.

## SUMMARY

A suggested change in the provisions of Section 7 of House Bill 5 of the First Called Session of the 55th Legislature, whereby witnesses appearing before the Law Enforcement Study Commission, created by the Act, would receive their traveling expenses is invalid as constituting a gratuity in violation of the provisions of Section 51 of Article III of the Constitution of Texas, since such witnesses would be under no legal obligation to appear before the Commission.

Very truly yours,

WILL WILSON
Attorney General of Texas

By John Reeves
John Reeves
Assistant

JR:pf:jl

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman

John H. Minton, Jr.

B. H. Timmins, Jr.

Wayland C. Rivers, Jr.

J. C. Davis, Jr.